First, there is no dispute Ms. Chatman's claims arise out of the same occurrence as the accident described in Ms. Lawrence's original petition. Second, defendants have long been aware of Ms. Chatman's existence and involvement in the accident as Ms. Chatman's counsel sent a letter of representation to GEICO shortly after the accident, which included a copy of the accident report identifying all plaintiffs as occupants of the vehicle at the time of the accident. Further, according to Ms. Chatman, GEICO acknowledged her claims and requested updates on medical treatment and costs, and engaged in settlement negotiations. Given the defendants' obvious awareness and familiarity with Ms. Chatman's claims, and considering the district court found the addition of Ms. Chatman as a party would not disturb the case management schedule or the trial date, I find defendants would not be prejudiced in defending Ms. Chatman's claims, thus satisfying the fourth factor of Giroir . The real dispute in this case centers on whether the third Giroir factor is satisfied. In my view, Ms. Chatman, who is Ms. Lawrence's mother, is sufficiently related to Ms. Lawrence such that Ms. Chatman is not a wholly new or unrelated party. For these *1201 reasons, I would grant plaintiff's writ application.